IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| RHONDA BROWN, | Case No.: 9:25-cv-03362-RMG |
| Plaintiff, | |
| v. | |
| RENT-A-CENTER, INC, DL PETERSON TRUST, AND JOSEPH HOVERLEE DUNHAM, | **COMPLAINT AND JURY DEMAND** |
| Defendants. | |

COMES NOW, Rhonda Brown, Plaintiff herein, and files her Complaint against Defendants Rent-A-Center (hereinafter "RAC"), DL Peterson Trust (hereinafter "DL"), and Joseph Hoverlee Dunham (hereinafter "Dunham"), showing the Court as follows:

## I.   JURISDICTION AND VENUE

1.      Plaintiff is a resident of Beaufort, South Carolina.

2.      Defendant Rent-A-Center is a Delaware company and maintains a registered agent for service of process in the State of South Carolina and may be served with process through its registered agent for service of process in the State of South Carolina, CT Corporation System, 2 Office Park Court Suite 103, Columbia, SC 29223.

3.      This Court has personal jurisdiction over Defendant Rent-A-Center under the South Carolina Long-Arm Statute, S.C. Code Ann. §36-2-803, because Defendant Rent-A-Center has (1) transacted business within the State of South Carolina, (2) committed tortious acts and/or omissions within the State of South Carolina, (3) cause tortious personal injury to Plaintiff in the

1

State of South Carolina, and (4) used the roadways of and/or within the State of South Carolina, including the time at which its tortious acts and/or omissions occurred, to cause injury to Plaintiff.

4.      Defendant Rent-A-Center is subject to the jurisdiction of this Court because its acts and/or omissions are based upon substantial contacts with the State of South Carolina including, but not limited to:

    a.  Engaging in a systematic pattern of business operations including the delivery and transport of goods within and through the State of South Carolina, while using the roadways of and within the State of South Carolina;

    b.  Engaging in solicitation activities in the State of South Carolina to promote the sale, consumption, and use of its services;

    c.  Conducting and engaging in substantial business and other activities, including interstate and intrastate commerce, in South Carolina by delivering and distributing products via its trucking operations.

5.      Defendant Rent-A-Center has such sufficient minimum contacts with the State of South Carolina that are purposefully directed to the State of South Carolina that the filing of this action does not offend traditional notions of fair play and substantial justice.

6.      Upon information and belief Defendant Joseph Hoverlee Dunham is a resident of South Carolina and may be served with process at 14 Sea Point Drive, Apt 223, Beaufort South Carolina.

7.      Under information and belief, Defendant DL Peterson Trust is a Maryland company and may be served at its principle place of business at 940 Ridgebrook Rd, Sparks MD, 21152.

8.      This Court has personal jurisdiction over DL Peterson Trust under the South Carolina Long-Arm Statute, S.C. Code Ann. §36-2-803, because Defendant DL Peterson Trust has (1) transacted business and/or maintain a business presence within the State of South Carolina, (2) committed tortious acts and/or omissions within the State of South Carolina, (3) cause tortious

personal injury to Plaintiff in the State of South Carolina, and (4) used the roadways of and/or within the State of South Carolina, including the time at which its tortious acts and/or omissions occurred, to cause injury to Plaintiff.

9.     Defendant DL Peterson Trust is subject to the jurisdiction of this Court because its acts and/or omissions are based upon substantial contacts with the State of South Carolina including, but not limited to:

a.     Engaging in a systematic pattern of business operations including the delivery, and transport of goods within and through the State of South Carolina, while using the roadways of and within the State of South Carolina;

b.     Engaging in solicitation activities in the State of South Carolina to promote the sale, consumption, and use of its services;

c.     Conducting and engaging in substantial business and other activities, including interstate and intrastate commerce, in South Carolina by delivering and distributing products via its trucking operations.

10.     Defendant DL Peterson Trust has such sufficient minimum contacts with the State of South Carolina that are purposefully directed to the State of South Carolina that the filing of this action does not offend traditional notions of fair play and substantial justice.

11.     This District Court has subject matter jurisdiction to entertain this action pursuant to 28 U.S.C. §1332 based upon complete diversity of citizenship of the parties and because the amount in controversy exceeds $75,000.00.

12.     Venue is proper in South Carolina and in this Division because a substantial part of the events and omissions giving rise to this claim occurred in South Carolina and in this Division.

## II.  FACTUAL ALLEGATIONS

13.     Plaintiff re-alleges and incorporates herein by reference all allegations in paragraphs 1 through 17 as if fully alleged herein.

3

14.     At all relevant times, the 2017 chevy van involved in the subject collision was registered and owned by Defendant DL Peterson Trust; both the left and right exterior sides of the box truck prominently displayed a Defendant "Rent-A-Center" logo on it.

15.     On April 19, 2022, Defendant Joseph Hoverlee Dunham was either acting within the course and scope of his employment with Defendant RAC or acting within his agency relationship with Defendants RAC and driving a truck registered and owned by Defendant DL. Defendant Dunham was headed in a southeastern direction on Ambrose Run, in Beaufort County, South Carolina.

16.     At the same time, Plaintiff was driving in a lawful, careful and prudent manner, and occupying the far-left lane (otherwise known as lane number 2 on a 2-lane highway) and traveling southwestern direction on Robert Smalls Parkway, in Beaufort County, South Carolina.

17.     Then suddenly and without warning, due to Defendant Dunham being medically unfit, and/or drowsy, and/or falling asleep, and/or distracted by his phone, and/or otherwise being inattentive, Defendant Dunham entered the intersection of Ambrose Run and Robert Smalls Parkway, striking the front right quarter panel of the vehicle operated by Plaintiff.

18.     As a result of the collision caused by Defendant Reed, Plaintiff suffered severe, permanent, and life-altering injuries.

19.     At all times relevant hereto, the Defendants were subject to the minimum standards established by the Federal Motor Carrier Safety Regulations, 49 C.F.R., Parts 300-399.

### III. CAUSES OF ACTION

### COUNT I – NEGLIGENCE & NEGLIGENCE *PER SE* – DEFENDANT RAC & DEFENDANT DUNHAM

20.    Plaintiff re-alleges and incorporates herein by reference all allegations in paragraphs 1 through 19 as if fully alleged herein.

21.    At all times material, Defendant RAC was negligent and negligent *per se*, directly and through the conduct of Defendant Dunham; and Defendant RAC is liable for the acts and omissions of Defendant Dunham pursuant to the doctrine of *respondeat superior* and vicarious liability.

22.    At all relevant times, Defendant RAC and Defendant Dunham owed a duty to Plaintiff and others to exercise due care in the operation of the subject vehicle while on the interstates and roadways of the State of South Carolina.

23.    Defendant RAC and Defendant Dunham owed Plaintiff and others a duty of care.

24.    At all times material, Defendant RAC and Defendant Dunham breached their duty of care owed in one or more of the following ways:

   a. Operating a commercial vehicle and/or vehicle while inattentive and/or distracted;
   b. Operating a commercial vehicle and/or vehicle while drowsy and/or sleeping;
   c. Operating a commercial vehicle and/or vehicle with medical conditions and/or taking certain medication making the driver unfit;
   d. Failing to yield the right of way;
   e. Failing to keep a proper lookout;
   f. Failing to maintain proper control of his vehicle;
   g. Violating S.C. Code Ann. §56-5-2150(A) by moving vehicle to the right or left upon a roadway when such movement could not be made with reasonable safety;
   h. Violating S.C. Code Ann. §56-5-2150(B) by failing to properly signal intention to turn or move right or left upon the roadway;
   i. Violating S.C. Code Ann. § 56-5-1520 by driving at an excessive speed and failing to maintain a speed that is reasonable and prudent;
   j. Failing to use the degree of care and skill that a reasonable person would have used under the same or similar circumstances;
   k. Violating traffic laws enacted to protect the safety and health of the public so as to constitute negligent *per se*;
   l. Driving the subject vehicle in a manner to indicate reckless, willful, wanton, grossly negligent and negligent disregard for the safety of others;

m. Violating several Federal Motor Carrier Safety Administration ("FMCSA") Regulations including, but not necessarily limited to, 49 C.F.R. §395; 49 C.F.R. §392.2, 49 C.F.R. §392.3; 49 C.F.R. §390; 49 C.F.R. §383; and 49 C.F.R. §383.71;

n. Being otherwise negligent and careless in the operation of a vehicle; and

o. Committing other acts and omissions as discovery may reveal and the evidence at trial may show.

25.     Additionally, Defendant RAC breached its duties owed in one or more of the following ways:

a. Committing other acts and omissions as discovery may reveal and the evidence at trial may show.

26.     As a direct and proximate result of the above-mentioned acts and omissions constituting negligence, negligence *per se*, gross negligence, recklessness, willfulness, and/or carelessness on the part of Defendant RAC and Defendant Dunham, Plaintiff has suffered:

a. Severe physical injuries;
b. Medical expenses and transportation expenses connected with medical treatment;
c. Mental anguish and emotional distress;
d. Fear and anxiety;
e. Permanent scarring and disfigurement;
f. Physical impairment;
g. Increased susceptibility to future injury;
h. Personal property damage;
i. Pain and suffering;
j. Loss of income and diminished earning capacity;
k. Alteration of lifestyle; and
l. Other and further such particulars as may be learned through discovery or trial.

27.     Plaintiff is entitled to an award of all actual, consequential, and incidental damages against all Defendants, jointly and severally.

28.     Plaintiff is also entitled to an award of punitive damages against all Defendants.

29.     Plaintiff is also entitled to an award of prejudgment interest against all Defendants, jointly and severally.

## **COUNT II – NEGLIGENT ENTRUSTMENT – DEFENDANT DL**

6

30.     Plaintiff re-alleges and incorporates herein by reference all allegations in paragraphs 1 through 29 as if fully alleged herein.

31.     The injuries, harm, and damages were incurred by Plaintiff as a result of the use of the vehicle operated by Defendant Dunham in a negligent and reckless manner, which because of youth, inexperience, and/or prior actions, Defendant DL knew, or had reason to know, was likely and involved an unreasonable risk of harm to others while driving the subject vehicle.

32.     At all times herein, Defendant DL entrusted its vehicle to Defendant Dunham in failing to ensure that he would exercise proper care in the operation of said vehicle.

33.     Defendant DL possessed a duty to recognize the existence of an unreasonable risk of harm to others through Defendant Dunham's negligence, gross negligence, and recklessness.

34.     As a direct and proximate result of Defendant DL's negligent entrustment of the subject vehicle to Defendant Dunham, who operated the subject vehicle in a negligent and reckless manner, Plaintiff, without any contributory negligence, suffered the above listed injuries, damages, and harm.

### COUNT III – NEGLIGENT HIRING AND RETENTION – DEFENDANT RAC

35.     Plaintiff re-alleges and incorporates herein by reference all allegations in paragraphs 1 through 34 as if fully alleged herein.

36.     Defendant RAC had a duty to use reasonable care to select an employee who was competent and fit to perform the inherent dangerous duty of operating the subject vehicle.

37.     Defendant RAC owed this duty to Plaintiff.

38.     Defendant RAC breached this duty to Plaintiff.

39.     Defendant RAC knew, or should have known, that Defendant Dunham would likely operate the subject vehicle in a negligent and reckless manner.

40.     Defendant RAC new, or should have known, that Defendant Dunham was not competent or fit for the duties required of him as a driver of the subject vehicle and employee of Defendant RAC.

41.     Defendant RAC therefore breached its duty to Plaintiff to use reasonable care to select and retain an employee that was competent and fit for the position in which he worked.

42.     As a direct and proximate result of Defendant RAC's negligent hiring and retention of Defendant Dunham, Plaintiff, without any contributory negligence, suffered the above listed injuries, damages, and harm.

## COUNT IV. NEGLIGENT TRAINING AND SUPERVISION – DEFENDANT RAC

43.     Plaintiff re-alleges and incorporates herein by reference all allegations in paragraphs 1 through 42 as if fully alleged herein.

44.     The agents and servants of Defendant RAC were acting in a willful, wanton, reckless, negligent and grossly negligent manner in the following particulars:

a.     In failing to ensure that the employee would exercise proper care and caution while dealing and driving with the public in the capacity of his duties;

b.     In failing to supervise the employee; and

c.     In hiring and using unqualified employees for their job duties.

45.     The acts and conduct of Defendant Dunham as he was employed for Defendant RAC, as heretofore alleged, were negligent and grossly negligent, and that a collision occurred

causing the Plaintiff to sustain physical injuries, great emotional upset, distress, loss of enjoyment of life, lost wages, loss earning capacity, permanent injuries, and pain and suffering.

**COUNT V. FAILURE TO MAINTAIN – DEFENDANT DL**

46.     Plaintiff re-alleges and incorporates herein by reference all allegations in paragraphs 1 through 45 as if fully alleged herein.

47.     At said time and place, Defendant DL was acting in a willful, wanton, reckless, negligent and grossly negligent manner in the following particulars:

   a.  In failing to ensure that the vehicle was equipped with good, sufficient and safe tires in violation of SC Code Ann §56-5-5-4- and §56-5-5320; and

   b.  In failing to ensure the vehicle was equipped with good and sufficient brakes in violation of SC Code Ann §56-5-4870 and §56-5-5310.

48.     Based on the foregoing, Plaintiff has incurred medical expenses, and will continue to incur medical expenses for her injuries in the future.

49.     As a direct and proximate result of Defendant DL's willful, wanton, reckless, negligent and grossly negligent conduct, the subject collision occurred causing Plaintiff to sustain injuries and other damages, including but not limited to the following:

   a.  Severe physical injuries;
   b.  Medical expenses and transportation expenses connected with medical treatment;
   c.  Mental anguish and emotional distress;
   d.  Fear and anxiety;
   e.  Permanent scarring and disfigurement;
   f.  Physical impairment;
   g.  Increased susceptibility to future injury;
   h.  Personal property damage;
   i.  Pain and suffering;
   j.  Loss of income and diminished earning capacity;
   k.  Alteration of lifestyle; and
   l.  Other and further such particulars as may be learned through discovery or trial.

50.   Due to the reckless, willful, and wanton conduct of Defendant DL, as well as the violations of statutory law, Plaintiff is entitled to punitive damages.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendants for actual and punitive damages, the cost of this action, and such other and further relief as the Court may allow.

*/s/Christopher F. Gibbs*
Christopher F. Gibbs
SC Federal Court Bar ID: 12128
THE GIBBS LAW FIRM, LLC
1304 Boundary Street
Beaufort, SC 29902
Tel. (843) 379-2330
Fax. (843) 379-2332
cgibbs@cgibbslawfirm.com
*Attorney for Plaintiff*

This 21st day of April, 2025